IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH BUTUSOV, #K-55823,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00743-SMY |
| ) | |
| **C. RAY,** ) | |
| **WARDEN STEPHEN DUNCAN,** ) | |
| **ASST. WARDEN TREADWAY,** ) | |
| **GRIEVANCE OFFICER,** ) | |
| **LESLIE McCARTHY,** ) | |
| **and DIRECTOR BALDWIN,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kenneth Butusov, an inmate who is currently incarcerated at Sheridan Correctional Center ("Sheridan"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1) for constitutional deprivations that occurred at Lawrence Correctional Center ("Lawrence") in 2014-15 (Doc. 1, pp. 7-9). In the Complaint, Plaintiff claims that officials in the Illinois Department of Corrections ("IDOC") systematically mishandled his grievances, in violation of his right to use the IDOC's grievance process to exhaust his administrative remedies and access the courts. Plaintiff's Complaint focuses on the conduct of Counselor Ray, a grievance counselor at Lawrence who ignored numerous grievances that Plaintiff filed over the course of seven months (*id*. at 7). When Plaintiff complained, Counselor Ray told him not to expect any responses because the counselor had no time for "grievances or staff conduct or 'bullshit'" (*id*.).

Counselor Ray's refusal to address Plaintiff's grievances became the focus of Plaintiff's subsequent complaints and the instant lawsuit. Plaintiff sent Warden Duncan an emergency grievance to complain about the fact that Counselor Ray routinely ignored his grievances. Warden Duncan denied the emergency grievance and instructed Plaintiff to send it through normal channels.

Before doing so, Plaintiff spoke with Assistant Warden Treadway about Counselor Ray's conduct (*id*. at 8). She contacted Counselor Ray and asked him to explain why he would not respond to Plaintiff's grievances. Following this conversation, the assistant warden instructed Plaintiff to resubmit all of his grievances. Plaintiff did so, but nothing changed.

Plaintiff prepared a formal grievance to complain about Lawrence's corrupt grievance process. He first submitted the grievance to an unknown grievance officer but received no response. Next, Plaintiff sent a copy of the grievance to the Administrative Review Board in Springfield, Illinois. Leslie McCarthy denied the grievance as untimely (*id*. at 9). On February 26, 2016, Plaintiff directed one final grievance to IDOC Director Baldwin but, again, received no response.

In the Complaint, Plaintiff now claims that the routine mishandling of his grievances by IDOC officials violated his right to use the IDOC's internal grievance process and his right to access the courts. In connection with these claims, Plaintiff now sues the following IDOC officials: Director Baldwin, Leslie McCarthy, Warden Duncan, Assistant Warden Treadway, Counselor Ray, and the unknown grievance officer. Plaintiff seeks monetary damages.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* Complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations, the Court finds that the Complaint does not survive review under § 1915A and shall therefore be dismissed.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* Complaint into the following counts.  The parties and the Court will use these designations in

all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Fourteenth Amendment due process claim against Defendants for interfering with Plaintiff's efforts to exhaust his administrative remedies within the IDOC by mishandling his grievances.**
>
> **Count 2:** **Denial of access to courts claim against Defendants for the same conduct described above.**

Both claims fail to pass muster under § 1915A and shall be dismissed. **Count 1** shall be dismissed with prejudice, and **Count 2** shall be dismissed without prejudice. Plaintiff will be given an opportunity to file a First Amended Complaint, in which he more fully develops his access-to-courts claim.

The first claim (**Count 1**) brought by Plaintiff is that the defendants thwarted his efforts to use the IDOC's grievance process. The grievance process serves an important function for inmates and administrators alike, by offering all involved an opportunity to quickly and informally resolve disputes. Even so, the Seventh Circuit "specifically denounce[es] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Plaintiff had no expectation of a particular outcome to his grievances. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). This is because a "state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*. Accordingly, Plaintiff has no viable due process claim that can be vindicated by bringing a § 1983 action.

Plaintiff's second claim (**Count 2**) is that the defendants' conduct impeded his ability to access the courts. In order to proceed with an access-to-courts claim against the defendants, however, Plaintiff must demonstrate that the defendants hindered his ability to pursue a non-

frivolous challenge to his conviction or sentence or an arguable civil rights claim. *Lewis v. Casey*, 518 U.S. 343, 352-54 & 353 n. 3 (1996); *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

A plaintiff bringing an access-to-courts claim "must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal materials." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003), *abrogated on other grounds as recognized in Clark v. United States*, 360 F. App'x 660, 661 (7th Cir. 2009). Plaintiff makes no such allegation in his Complaint, rendering his claim facially implausible. *Ashcroft*, 556 U.S. at 678 ("A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff's second claim is legally insufficient and shall be dismissed without prejudice. *Twombly*, 550 U.S. 544 (2007) (a Complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Even when construing the allegations in Plaintiff's Complaint liberally, as this Court is required to do, the Complaint does not survive screening under § 1915A because it lacks a legally viable federal claim. **Count 1** cannot be saved by amending the Complaint and shall therefore be dismissed with prejudice. However, **Count 2** shall be dismissed without prejudice, and Plaintiff will be given an opportunity to re-plead his access-to-courts claim by filing a First Amended Complaint in this action, consistent with the deadline and instructions set forth in the below disposition.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice and **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **RAY, DUNCAN, TREADWAY, McCARTHY, BALDWIN,** and **GRIEVANCE OFFICER** are **DISMISSED** without prejudice, based on the Complaint's failure to state a claim for relief against these defendants.

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint in *this* case, if he wishes to pursue a claim against the defendants for violations of his constitutional rights in connection with an access-to-courts claim. The First Amended Complaint is due **on or before September 9, 2016.** Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number on the first page (Case No. 16-743-SMY). Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain

from filing unnecessary exhibits.  He should *include only related claims* in his new Complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

                                            **s/ STACI M. YANDLE**
                                            **U.S. District Judge**