IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH BUTUSOV, #K-55823, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00743-SMY |
| | ) |
| C. RAY, | ) |
| WARDEN STEPHEN DUNCAN, | ) |
| ASST. WARDEN TREADWAY, | ) |
| GRIEVANCE OFFICER, | ) |
| LESLIE McCARTHY, | ) |
| and DIRECTOR BALDWIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court for consideration is the First Amended Complaint (Doc. 5) filed by Plaintiff Kenneth Butusov, an inmate who is currently incarcerated at Sheridan Correctional Center ("Sheridan"). Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against officials who ignored, delayed or denied his grievances at Lawrence Correctional Center ("Lawrence") (Doc. 5, pp. 1-17).

For seven months in 2015, Plaintiff filed several grievances with C. Ray, a counselor who worked in the prison's infirmary (Doc. 5, pp. 9-12, 14-16). Plaintiff complained that he and other inmates were denied adequate medical care. Counselor Ray told Plaintiff not to expect any responses to the grievances. When Plaintiff complained about Counselor Ray's conduct to supervisory officials, he was instructed to rewrite and resubmit the grievances. The second round of grievances were also denied (*id*.).

Plaintiff now claims that the delay in processing his grievances hindered his ability to file suit against his medical providers (*id*.). In connection with this claim, he names the grievance officials as the only defendants in this action. He seeks monetary damages against them (*id*. at 13).

### **Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner Complaints, including the First Amended Complaint, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts

"should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's First Amended Complaint does not survive review under this standard and shall be dismissed.

## First Amended Complaint

During his incarceration at Lawrence in 2015, Plaintiff submitted several grievances to Counselor Ray over the course of seven months (Doc. 5, p. 11). For example, on March 8, 2015, Plaintiff submitted a grievance to complain about Wexford's policy, custom or practice of understaffing and overworking medical staff at Lawrence (*id*. at 10). As a result, the dressings on his wound[1] were not regularly changed and his medications were frequently "mixed up" (*id*.).

On March 14, 2015, Plaintiff wrote a grievance to complain about the inadequate medical care provided to another inmate. In the grievance, he indicated that he observed another patient cry out in pain during the night. Plaintiff pushed the emergency call button repeatedly, but no one arrived to address the inmate's pain for almost two hours (*id*.).

On April 13, 2015, Plaintiff complained about Nurse Welty's failure to change a bandage on his Stage 4 wound. He alleges that "saturated gauze" covered his wound when Nurse Welty finished her shift and left. This was a common practice among members of the nursing staff (*id*. at 11).

On April 18, 2015, an outside wound doctor ordered an MRI to determine why Plaintiff's wound was not healing. The doctor concluded that Plaintiff suffered from a bone infection in his pelvis known as osteomyelitis. The outside provider instructed Doctor Coe to treat the infection

---

[1] Plaintiff offers no description of the wound in his First Amended Complaint.

before it became septic, but Doctor Coe took no action to address it. As a result, Plaintiff now suffers from a chronic infection in his pelvis (*id*.).

Plaintiff alleges that Counselor Ray never processed any of these grievances. He told Plaintiff not to expect a response because his complaints were "bullshit" (*id*. at 9). Plaintiff insists that Counselor Ray's conduct prevented him from exhausting his administrative remedies and filing a complaint against the medical staff for denying him adequate medical care (*id*.).

On May 11, 2015, Plaintiff spoke with Assistant Warden Treadway during her visit to the prison's infirmary (*id*. at 12). He explained that Counselor Ray routinely ignored his grievances, some of which addressed medical issues. Treadway called Counselor Ray into the room and asked, "What is it with you and all these grievances?" (*id*.). She then told Plaintiff that Counselor Ray's conduct was "a problem" and instructed Plaintiff to rewrite and resubmit his grievances (*id*.).

On July 26, 2015, Plaintiff directed an emergency grievance to Warden Stephen Duncan. In it, he focused entirely on Counselor Ray's conduct and his alleged corruption of the grievance process (*id*. at 15). The emergency grievance mentions nothing about the denial of medical care.[2] On July 29, 2015, Warden Duncan determined that the grievance presented no emergency (*id*. at 14). Plaintiff was instructed to file his grievance through the "normal process" (*id*. at 4).

Plaintiff filed a grievance with an unknown grievance officer and received no response (*id*.). A couple months later, he sent a copy to Leslie McCarthy, a member of the Administrative Review Board ("ARB"), and it was denied as being untimely (*id*. at 4, 16). He then sent Director Baldwin a copy of all relevant paperwork and asked him to review "the entire situation" (*id*. at 5). The grievances were denied at every level of the Illinois Department of Corrections (*id*.).

---

[2] In fact, the only complaint about his experience in the prison's infirmary was that Counselor Ray would not answer his grievance requesting use of his own television (*id*. at 14).

Plaintiff now brings a claim against Counselor Ray, the unknown Grievance Officer, Assistant Warden Treadway, Warden Duncan, ARB Board Member McCarthy and Director Baldwin for interfering with his access to the Courts (*id*. at 5).

## Discussion

Plaintiff's First Amended Complaint focuses on a single claim against grievance officials for denying him access to the courts.  This is one of two claims that Plaintiff raised in his original Complaint (Doc. 1).  The first claim was a Fourteenth Amendment due process claim against the same defendants for routinely ignoring, delaying or denying his grievances (**Count 1**).  Count 1 was dismissed with prejudice.  The second claim for denial of access to the courts (**Count 2**) was dismissed without prejudice and Plaintiff was granted leave to file a First Amended Complaint if he wished to proceed with the claim.  The First Amended Complaint does not support an access-to-courts claim against the defendants and shall be dismissed with prejudice.

All individuals have a right to access the courts without undue interference.  *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004).  "Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and Fifth and Fourteenth Amendment due process clauses."  *Id*. at 291 (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)).  As this Court previously explained in its Order dismissing the Complaint (Doc. 4), Plaintiff must show actual substantial prejudice to specific litigation in order to state a claim for the denial of court access.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  He must demonstrate that the defendants impeded his ability to pursue a non-frivolous challenge to his conviction or sentence or an arguable civil rights claim.  *Lewis v. Casey*, 518 U.S. 343, 352-54 & 353 n. 3 (1996); *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  To do so, a plaintiff "must usually

plead specific prejudice . . . by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003), *abrogated on other grounds as recognized in Clark v. United States*, 360 F. App'x 660, 661 (7th Cir. 2009).

Here, Plaintiff alleges no such thing. Instead, he alleges that he wanted to file a suit against his medical providers for their deliberate indifference to his medical needs, but "the obstacles that were put in place made it seem impossible to access the court system" (Doc. 5, p. 5). There are several problems with this assertion. First, a prison official's interference with the grievance process relieves an inmate of the obligation to exhaust his administrative remedies before filing suit. The Seventh Circuit has made it clear that "[w]hen a prisoner follows proper procedures and prison officials are responsible for mishandling his grievance, . . . [it cannot be said] that the prisoner has failed to exhaust his administrative remedies." *Smith v. Buss*, 364 Fed. Appx. 253 (7th Cir. 2010) (citing *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006)). In other words, the defendants' mishandling of Plaintiff's grievances do not prevent him from filing suit for deliberate indifference to his medical needs. Second, Plaintiff discloses no efforts to file a suit against his medical providers and no other impediments to doing so. Third, he still has time to proceed with his claim(s) against those prison officials and/or medical providers who exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. "The limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Plaintiff's grievances focus on inadequate medical care that was provided in March and April of 2015. The two-year statute of limitations on these claims,

though drawing near, has not yet expired.  Plaintiff can pursue the claims by filing a complaint against the medical providers and/or prison officials who denied him adequate medical care in violation of the Eighth Amendment.  However, he must do so by filing a separate suit.

The First Amended Complaint does not survive screening pursuant to § 1915A because it lacks a legally viable federal claim.  **Count 1** was already dismissed with prejudice pursuant to this Court's Order (Doc. 4) dated August 5, 2016.  The Court now finds that **Count 2** is subject to dismissal with prejudice.  This Order does not preclude Plaintiff from filing a separate civil rights action pursuant to 42 U.S.C. § 1983 against those state actors (including medical providers, prison officials, etc.) who exhibited deliberate indifference to his medical needs in violation of the Eighth Amendment.  This Order also does not preclude him from pursuing any claims other than Counts 1 or 2 against the named defendants in a separate action.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal

Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/23/2016**

s/Staci M. Yandle
**U.S. District Judge**
